IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHAD ALLEN SQUIRES, | § | |
| TDCJ-CID # 1333816, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-06-0243 |
| v. | § | |
| | § | |
| CENIKOR INC., *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Chad Allen Squires, an inmate of the Texas Department of Criminal Justice – Correctional Institutions Division, files this complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. He proceeds *pro se* and *in forma pauperis*. The threshold question is whether plaintiff's complaint should be dismissed as frivolous for failure to state a claim. After reviewing the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that plaintiff's complaint fails to state a claim and should be dismissed for the reasons that follow.

**I.    Claims**

Plaintiff claims that Cenikor, Inc. (Cenikor) was deliberately indifferent to his serious medical needs, and that its employees Jerry Hall and Doug Richards, and Dr. Macky, the Cenikor "house doctor," all denied him proper medical care while he was a client at the Cenikor treatment facility in Deer Park, Texas. He seeks monetary damages for defendants' negligence and failure to provide proper medical care.

## II. Analysis

When a litigant proceeds *in forma pauperis*, the district court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). Section 1983 provides a remedy against state actors only. In other words, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 936 (1982). This means that the party charged with the deprivation must be a person who may fairly be said to be a state actor, that is, one who is in fact a state official, one who has acted with or has obtained significant aid from state officials, or one whose conduct is otherwise chargeable to the state. *Id.* at 937.

In the instant case, plaintiff names as defendants a non-governmental corporate entity and three of its employees. Cenikor and its employees provide free substance abuse and rehabilitation treatment services to their clients, and are not state actors within the purview of 42 U.S.C. § 1983. *See Cashion v. KDI Facility Services*, C.A. No. 3:02-CV-2295-H (N.D. Tex. 2002), 2002 WL 31757626. Private action may give rise to section 1983 liability only when the challenged conduct is "fairly attributable to the State." *Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999). Mere private conduct, no matter how wrongful, falls short of the section's reach. *Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 352 (5th Cir. 2003). That Cenikor may be a non-profit corporation providing free rehabilitative services to the general public does not make it or its employees state actors.

Plaintiff claims that defendants nevertheless acted under color of state law by virtue of the "public function" test. This test examines whether the private entity performs a function which is exclusively reserved to the State; if so, a private actor's conduct can be attributable to the State. *Cornish v. Correctional Services Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). It is the alleged wrongful conduct that must be examined, not the private entity itself. *Id.* at 550. Here, it cannot be said that medical care and medical decisions for individuals undergoing substance abuse treatment or rehabilitation are functions exclusively reserved to the State. *See id.* Accordingly, defendants are not state actors under the "public function" test as to the conduct made the basis of this lawsuit. Absent a showing that plaintiff was harmed as the result of state action, the complaint fails to state a claim under section 1983 as a matter of law. Accordingly, plaintiff's complaint is subject to dismissal.

## III. Conclusion

This lawsuit fails to state a claim under 42 U.S.C. § 1983, and is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Petitioner's motion to proceed *in forma pauperis* (Docket Entry No. 2) is **DENIED AS MOOT.** Any and all other pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 25 day of January, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE